UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS POWERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3304 |
| | ) | |
| IDOC DIRECTORS et al., | ) | |
|     Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. 28 U.S.C. § 1915(d)(2)(requiring dismissal of a case proceeding in forma pauperis if no claim is stated). To state a claim, the Complaint's factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).

Plaintiff alleges that current and former IDOC Directors, Medical Directors, Clinical Directors, psychologists, and psychiatrists were deliberately indifferent to

1

his mental illness of "paraphilia, not otherwise specified nonconsent and personality disorder, not otherwise specified with antisocial features." (Complaint, para. 17.) Defendants allegedly failed to establish treatment for Plaintiff's disorder during Plaintiff's three prior incarcerations, which date back to 1989. According to Plaintiff, this alleged deliberate indifference caused Plaintiff to, over the course of over 25 years, commit crimes, lose his wife, daughter, home, and job, and ultimately be detained pursuant to the Illinois Sexually Violent Persons Act. In re Thomas Powers, 2012 MR 0000419 (Winnebago County). According to the public docket sheet in Plaintiff's civil commitment proceedings, he has not yet been adjudicated a sexually violent person.

An official's deliberate indifference to a prisoner's serious mental illness violates the Eighth Amendment. Miller v. Harbaugh, 698 F.3d 956 (7th Cir. 2012)(example of claim alleging deliberate indifference to incarcerated juvenile's serious mental illness where juvenile committed suicide)(summary judgment granted to defendants). Deliberate indifference means a reckless or intentional disregard of a personally known substantial risk of harm. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).

The two-year statute of limitations bars Plaintiff's claims arising from any alleged failure to treat his mental disorder before the Fall of 2010, since he filed this case in November 2012. Ray v. Maher, 662 F.3d 770, 773 (7th Cir.

2011)(statute of limitations in Section 1983 case is two years)(applying Illinois law).  Plaintiff can reach back only to his incarceration in Dixon from November 2010 through his incarceration in Danville Correctional Center until June 2012, after which he was committed to the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.

However, the bigger problem with Plaintiff's claim is that the facts he alleges do not plausibly suggest that any of the Defendants were deliberately indifferent to Plaintiff's serious mental illness.  Plaintiff's factual allegations do not allow an inference that any of the Defendants knew that Plaintiff had been diagnosed with a paraphilia disorder or knew that such a disorder amounted to a serious mental illness for which treatment was required.  Plaintiff's imprisonment alone did not imply that he had a serious mental illness needing treatment.  He was not imprisoned because of a mental disorder.  He was imprisoned to serve a sentence for attempted aggravated criminal sexual assault.  People v. Powers, 961 N.E.2d 906, 908 (2d Dist. 2011).  No plausible inference arises that Plaintiff informed any of the Defendants during his imprisonment that he suffered from a serious mental illness, needed mental health treatment, or requested to participate in the mental health treatment programs available in prison, such as the sex offender treatment program.

3

The fact that an expert in Plaintiff's civil commitment proceedings has opined that Plaintiff meets the statutory definition of a sexually violent person does not create a plausible inference that Defendants were deliberately indifferent to Plaintiff's serious mental illness during his imprisonment.  In short, no plausible inference arises that any of the Defendants were aware that Plaintiff had a serious mental illness during his imprisonment, much less that any Defendants disregarded that need.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is denied (d/e 2) because he fails to state a federal claim for relief.  The hearing scheduled for January 22, 2013, is cancelled as unnecessary.  The clerk is directed to notify Plaintiff's detention facility of the cancellation.  All pending motions are denied as moot, and this case is closed.  The clerk is directed to enter judgment in favor of Defendants and against Plaintiff.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

ENTERED: January 9, 2013

FOR THE COURT:

                    **s/Sue E. Myerscough**
                    SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE